# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
### (Alexandria Division)

| | |
|---|---|
| **In re:** ) | |
| ) | |
| AirOcare, Inc.   Debtor(s) ) | |
| ) | **Case No.** 10-14519-RGM |
| AirOcare, Inc.   Plaintiff(s) ) | **Chapter** 11 |
| ) | **Adversary Proceeding** |
| V. ) | **Number: 10-101481-RGM** |
| William Chambers et al. ) | **Judge** Robert G. Mayer |
| Defendant(s) ) | |

**As a non-lawyer, I believe to have done the best of my ability to write the following response for Adversary Proceeding 10-101481-RGM, which was filed on November 16, 2010, with full and due respect to the Proceeding Judge Robert G. Mayer and the Honorable Court. In the following response, I will address my response to the Honorable Court and not directly to the Proceeding Judge Robert G Mayer. I pray this to be the correct format to demonstrate my humble respect to the Judges and Honorable Court.**

Terrance O Woodbridge, Defendant, by Terrance O Woodbridge, *Attorney Pro Se*

Answering the complaint of the Plaintiff:

### JURISDICTION AND VENUE

1.  Defendant is in agreement as to the statement regarding jurisdiction and venue as contained in Paragraph 1 of the Complaint.

FILED
2010 DEC 15 P 2:59
CLERK
US BANKRUPTCY COURT
ALEXANDRIA DIVISION

## PARTIES

2. Defendant is in agreement as to the statement regarding the parties as contained in Paragraph 2 of the Complaint.

3. Defendant is in agreement as to the statement regarding the parties as contained in Paragraph 3 of the Complaint.

4. Defendant is in agreement as to the statement regarding the parties as contained in Paragraph 4 of the Complaint.

5. Defendant is in agreement as to the statement regarding the parties as contained in Paragraph 5 of the Complaint.

6. Defendant is in agreement as to the statement regarding the parties as contained in Paragraph 6 of the Complaint.

7. Defendant is in agreement as to the statement regarding the parties as contained in Paragraph 7 of the Complaint.

8. Defendant is in agreement as to the statement regarding the parties as contained in Paragraph 8 of the Complaint.

## BACKGROUND

9. Defendant is in agreement as to the statement regarding the parties as contained in Paragraph 9 of the Complaint.

10. Defendant denies his inclusion with the group herein known as Former Insiders, and respectfully pleads with the Honorable Court to remove him from the associated group known herein as the Former Insiders. Defendant never served on the board of directors for Airocare and did not have any authority related to the operation of the business other than that related to technology development and those decisions required approval from the board. In the Defendant's opinion, the context in which Plaintiff so freely asserts this associative group attempts to mislead as to multiple allegations for which Defendant had no direct involvement in acts that are herein purported to deceive, direct or control actions that would prove detrimental to the opportunity associated with the Plaintiff's business enterprise. The level to which the Plaintiff's broadening of their claims, by including Defendant in the group known herein as Former Insiders unduly attacks Defendant, causing him potential harm of character and reputation for involvement with alleged actions wherein he had virtually no authority to effect or influence the decisions ultimately reached and actions taken by the Plaintiff's Board of Directors.

11. Defendant being without sufficient information upon which to form a belief as to the truth or falsity thereof, and therefore denies and leaves Plaintiff to its proofs.

12. Defendant is in agreement as to the statement regarding the parties as contained in Paragraph 9 of the Complaint.

13. Defendant being without sufficient information upon which to form a belief as to the truth or falsity. Defendant has never seen the Hussman License firsthand.

14. Defendant being without sufficient information upon which to form a belief as to the truth or falsity thereof, and therefore denies and leaves Plaintiff to its proofs. Defendant is not responsible for the decision and subsequent actions in the disbursement of funds. Defendant did accept the $100,000 check from the AirOcare Irrevocable Life Insurance Trust, as evidenced by the check.

15. Defendant denies his inclusion with the group herein known as Former Insiders, and respectfully pleads with the Honorable Court to remove him from the associated group known herein as the Former Insiders. In the Defendant's opinion, the context in which Plaintiff so freely asserts this associative group attempts to mislead as to multiple allegations for which Defendant had no direct involvement in acts that are herein purported to deceive, direct or control actions that would prove detrimental to the opportunity associated with the Plaintiff's business enterprise. The level to which the Plaintiff's broadening of their claims, by including Defendant in the group known herein as Former Insiders unduly attacks Defendant, causing him potential harm of character and

reputation for involvement with alleged actions wherein he had virtually no authority to effect or influence the decisions ultimately reached and actions taken by the Plaintiff's Board of Directors.

16. Defendant is in agreement as to the statement regarding the parties as contained in Paragraph 16 of the Complaint.

17. Defendant is in agreement as to the statement regarding the parties as contained in Paragraph 17 of the Complaint.

18. Defendant denies his inclusion with the group herein known as Former Insiders, and respectfully pleads with the Honorable Court to remove him from the associated group known herein as the Former Insiders. In the Defendant's opinion, the context in which Plaintiff so freely asserts this associative group attempts to mislead as to multiple allegations for which Defendant had no direct involvement in acts that are herein purported to deceive, direct or control actions that would prove detrimental to the opportunity associated with the Plaintiff's business enterprise. The level to which the Plaintiff's broadening of their claims, by including Defendant in the group known herein as Former Insiders unduly attacks Defendant, causing him potential harm of character and reputation for involvement with alleged actions wherein he had virtually no

authority to effect or influence the decisions ultimately reached and actions taken by the Plaintiff's Board of Directors. The trust, the AirOcare Irrevocable Life Insurance Trust, was engineered and designed in 2002 as a planning instrument for a reasonable deferred compensation program, when Defendants Rutchik and Woodbridge founded Interozone USA the predecessor entity of AirOcare Inc. The trust design, based on the intellectual property of the consultant involved, was in place upon the founding of the predecessor entity, with full intention of it being a deferred compensation vehicle funded upon an event that would provide sufficient funding to put the life insurance and investment vehicles in place so as to reasonably and prudently allow for the funding of the intended executive level benefits thereunder.

19. Defendant is in agreement as to the statement contained in Paragraph 19 of the Complaint.

20. Defendant being without sufficient information upon which to form a belief as to the truth or falsity. Defendant without firsthand knowledge of the contents stated within statement 20.

21. Defendant being without sufficient information upon which to form a belief as to the truth or falsity. Defendant without firsthand knowledge of the contents stated within statement 21.

22. Defendant being without sufficient information upon which to form a belief as to the truth or falsity. Defendant without firsthand knowledge of the contents stated within statement 22.

23. Defendant being without sufficient information upon which to form a belief as to the truth or falsity. Defendant without firsthand knowledge of the contents stated within statement 23.

24. Defendant being without sufficient information upon which to form a belief as to the truth or falsity thereof, and therefore denies and leaves Plaintiff to its proofs.

25. Defendant being without sufficient information upon which to form a belief as to the truth or falsity. Defendant without firsthand knowledge of the contents stated within statement 25.

26. Defendant being without sufficient information upon which to form a belief as to the truth or falsity. Defendant without firsthand knowledge of the contents stated within statement 26.

27. Defendant being without sufficient information upon which to form a belief as to the truth or falsity. Defendant without firsthand knowledge of the contents stated within statement 27.

28. Defendant being without sufficient information upon which to form a belief as to the truth or falsity thereof, and therefore denies and leaves Plaintiff to its proofs.

29. Defendant denies his inclusion with the group herein known as Former Insiders, and respectfully pleads with the Court to remove him from the associated group known herein as the Former Insiders. Furthermore as to the claim within #29, Defendant being without sufficient information upon which to form a belief as to the truth or falsity. Defendant without firsthand knowledge of the contents stated within statement 29.

30. Defendant being without sufficient information upon which to form a belief as to the truth or falsity. Defendant without firsthand knowledge of the contents stated within statement 30.

31. Defendant denies his inclusion with the group herein known as Former Insiders, and respectfully pleads with the Honorable Court to remove him from the associated group known herein as the Former Insiders. Defendant being without sufficient information upon which to form a belief as to the truth or falsity. Defendant without firsthand knowledge of the contents stated within statement 31.

32. Defendant admits to receiving a check in the sum of $100,00 from the Airocare Irrevocable Trust.

33. Defendant was being without sufficient information upon which to form a belief as to the truth or falsity. Defendant did not execute a promissory note.

34. Defendant denies his inclusion with the group herein known as Former Insiders, and respectfully pleads with the Honorable Court to remove him from the associated group known herein as the Former Insiders. The level to which the Plaintiff's broadening of their claims, by including Defendant in the group known herein as Former Insiders unduly attacks Defendant, causing him potential harm of character and reputation for involvement with alleged actions wherein he had virtually no authority to effect or influence the decisions ultimately reached and actions taken by the Plaintiff's Board of Directors. Furthermore with regard to this paragraph, Defendant being without sufficient information upon which to form a belief as to the truth or falsity. Defendant without firsthand knowledge of the contents stated within statement 34.

35. Defendant denies his inclusion with the group herein known as Former Insiders, and respectfully pleads with the Honorable Court to remove him from the associated group known herein as the Former Insiders. Defendant without firsthand knowledge of the contents stated within statement 35.

36. Defendant being without sufficient information upon which to form a belief as to the truth or falsity. Defendant without firsthand knowledge of the contents stated within statement 36.

37. Defendant being without sufficient information upon which to form a belief as to the truth or falsity. Defendant without firsthand knowledge of the contents stated within statement 37.

38. Defendant being without sufficient information upon which to form a belief as to the truth or falsity. Defendant without firsthand knowledge of the contents stated within statement 38.

39. Defendant is in agreement as to the statement contained in Paragraph 39 of the Complaint.

40. Defendant being without sufficient information upon which to form a belief as to the truth or falsity. Defendant without firsthand knowledge of the contents stated within statement 40.

41. Defendant admits in part. The sum on the loans stated in statement 41 is incorrect and plaintiff has firsthand knowledge of this.

42. Defendant being without sufficient information upon which to form a belief as to the truth or falsity. Defendant without firsthand knowledge of the contents stated within statement 42.

43. Defendant denies his inclusion with the group herein known as Former Insiders, and respectfully pleads with the Honorable Court to remove him from the associated group known herein as the Former Insiders. Defendant being without sufficient information upon which to form a belief as to the truth or

falsity. Defendant without firsthand knowledge of the contents stated within statement 43.

## COUNT ONE

## DECLARATORY JUDGMENT

44. Defendant hereby responds incorporating its responses contained in paragraphs 1 through 43 above as if fully replied to herein.

45. (a) Defendant being without sufficient information upon which to form a belief as to the truth or falsity thereof denies and leaves Plaintiff to its proofs.

(b) Defendant being without sufficient information upon which to form a belief as to the truth or falsity thereof denies and leaves Plaintiff to its proofs.

(c) Defendant being without sufficient information upon which to form a belief as to the truth or falsity thereof denies and leaves Plaintiff to its proofs.

(d) Defendant being without sufficient information upon which to form a belief as to the truth or falsity thereof denies and leaves Plaintiff to its proofs.

(e) Defendant being without sufficient information upon which to form a belief as to the truth or falsity thereof denies and leaves Plaintiff to its proofs.

(f) Defendant being without sufficient information upon which to form a belief as to the truth or falsity thereof denies and leaves Plaintiff to its proofs. Defendant further notes as it relates to the subsections within the corresponding complaint paragraph that:

(i) the Insurance Policies are non existent, having been terminated by the Insurance Company in 2009 for non-payment of premiums.

(ii) Defendant's did not execute a Promissory Note.

(iii) Using the term Advances as implied herein, defeats the purpose for which the beneficiaries of the AirOcare Irrevocable Life Insurance Trust received moneys. The moneys were loaned to individuals, so as to provide the individuals with funds for personal use; while at the same time provide the AirOcare Irrevocable Life Insurance Trust with vehicles through which the Corpus of funds could reasonably grow.

(g) Defendant being without sufficient information upon which to form a belief as to the truth or falsity thereof denies and leaves Plaintiff to its proofs.

## COUNT TWO
## TURNOVER

46. Defendant hereby responds incorporating its responses contained in paragraphs 1 through 45 above as if fully replied to herein.

47. Defendant being without sufficient information upon which to form a belief as to the truth or falsity thereof denies and leaves Plaintiff to its proofs.

## COUNT THREE

## FRAUDULENT CONVEYANCE

48. Defendant hereby responds incorporating its responses contained in paragraphs 1 through 47 above as if fully replied to herein.

49. Defendant denies his inclusion with the group herein known as Former Insiders, and respectfully pleads with the Honorable Court to remove him from the associated group known herein as the Former Insiders. Defendant being without sufficient information upon which to form a belief as to the truth or falsity thereof denies and leaves Plaintiff to its proofs.

## COUNT FOUR

## CONSTRUCTIVE TRUST

50. Defendant hereby responds incorporating its responses contained in paragraphs 1 through 49 above as if fully replied to herein.

51. Defendant denies his inclusion with the group herein known as Former Insiders, and respectfully pleads with the Honorable Court to remove him from the associated group known herein as the Former Insiders. Defendant being

without sufficient information upon which to form a belief as to the truth or falsity thereof denies and leaves Plaintiff to its proofs.

52. Defendant being without sufficient information upon which to form a belief as to the truth or falsity thereof denies and leaves Plaintiff to its proofs.

## COUNT FIVE

## SUBSTANTIVE CONSOLIDATION

53. Defendant hereby responds incorporating its responses contained in paragraphs 1 through 52 above as if fully replied to herein.

54. The Trust referred to herein is an Irrevocable Life Insurance Trust, any actions upon which would not only be an attack on the very essence of its design, but also would present substantial prejudice and undue hardship upon individuals, estates, corporations and others who rely on the very sanctity of "Irrevocable" as meaning just that – unable to revoke.

55. Defendant pleads with the Honorable Court to deny Count Five, solely on the basis of the Honorable Court's need to preserve and protect the very definition of Irrevocable in its use as well as its potential impact for Trusts and Estates throughout the United States.

## COUNT SIX

## BREACH OF FIDUCIARY DUTY

56. Defendant hereby responds incorporating its responses contained in paragraphs 1 through 55 above as if fully replied to.

57. Defendant denies his inclusion with the group herein known as Former Insiders, and respectfully pleads with the Honorable Court to remove him from the associated group known herein as the Former Insiders. In the Defendant's opinion, the context in which Plaintiff so freely asserts this associative group attempts to mislead as to multiple allegations for which Defendant had no direct involvement in acts that are herein purported to deceive, direct or control actions that would prove detrimental to the opportunity associated with the Plaintiff's business enterprise. The level to which the Plaintiff's broadening of their claims, by including Defendant in the group known herein as Former Insiders unduly attacks Defendant, causing him potential harm of character and reputation for involvement with alleged actions wherein he had virtually no authority to effect or influence the decisions ultimately reached and actions taken by the Plaintiff's Board of Directors.

58. Defendant denies his inclusion with the group herein known as Former Insiders, and respectfully pleads with the Honorable Court to remove him from the associated group known herein as the Former Insiders. Defendant performed all duties above and beyond that based on his position at Airocare.

## COUNT SEVEN

## UNJUST ENRICHMENT

59. Defendant hereby responds incorporating its responses contained in paragraphs 1 through 58 above as if fully replied to.

60. Defendant denies his inclusion with the group herein known as Former Insiders, and respectfully pleads with the Honorable Court to remove him from the associated group known herein as the Former Insiders. In the Defendant's opinion, the context in which Plaintiff so freely asserts this associative group attempts to mislead as to multiple allegations for which Defendant had no direct involvement in acts that are herein purported to deceive, direct or control actions that would prove detrimental to the opportunity associated with the Plaintiff's business enterprise. The level to which the Plaintiff's broadening of their claims, by including Defendant in the group known herein as Former Insiders unduly attacks Defendant, causing him potential harm of character and reputation for involvement with alleged actions wherein he had virtually no authority to effect or influence the decisions ultimately reached and actions taken by the Plaintiff's Board of Directors.

61. Defendant denies his inclusion with the group herein known as Former Insiders, and respectfully pleads with the Honorable Court to remove him from the associated group known herein as the Former Insiders. In the Defendant's

opinion, the context in which Plaintiff so freely asserts this associative group attempts to mislead as to multiple allegations for which Defendant had no direct involvement in acts that are herein purported to deceive, direct or control actions that would prove detrimental to the opportunity associated with the Plaintiff's business enterprise. The level to which the Plaintiff's broadening of their claims, by including Defendant in the group known herein as Former Insiders unduly attacks Defendant, causing him potential harm of character and reputation for involvement with alleged actions wherein he had virtually no authority to effect or influence the decisions ultimately reached and actions taken by the Plaintiff's Board of Directors. As a result, the Defendant prays the Honorable Court deny the Plaintiff's request for judgment.

## COUNT EIGHT

## BREACH OF CONTRACT

62. Defendant hereby responds incorporating its responses contained in paragraphs 1 through 61 above as if fully replied to.

63. Defendant denies his inclusion with the group herein known as Former Insiders, and respectfully pleads with the Honorable Court to remove him from the associated group known herein as the Former Insiders.

64. Defendant denies his inclusion with the group herein known as Former Insiders, and respectfully pleads with the Honorable Court to remove him from the associated group known herein as the Former Insiders. Defendant was of the understanding that all advances were to be repaid at an event.

65. Defendant denies his inclusion with the group herein known as Former Insiders, and respectfully pleads with the Honorable Court to remove him from the associated group known herein as the Former Insiders. The Defendant was of the understanding that all advances were to be repaid at an event.

Pursuant to Bankruptcy Rule 7012(b) defendant admits the allegation in the complaint that the proceeding is core, and consents herein to entry of final orders or judgment by the bankruptcy judge.

WHEREFORE, the defendant prays that the Honorable Court dismiss the complaint.

Dated: 12/10/2010

_____
Terrance O Woodbridge
Attorney **Pro Se** for Respondent
107 Parkcanyon Lane
Cary, NC 27519
(919) 387-9103