Craig M. Palik, Esquire (VSB #45728)
James M. Greenan (Admitted Pro Hac Vice)
McNamee Hosea, et al.
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770
(301) 441-2420
cpalik@mhlawyers.com
jgreenan@mhlawyers.com

Robert H. B. Cawood, Esq. (Admitted Pro Hac Vice)
Roy L. Mason, Esq, (Admitted Pro Hac Vice)
Mason & Cawood, P.A.
69 Franklin Street
Annapolis, MD 21401
(410) 269-6620
rhbc@masoncawoodlaw.com
rlm@masoncawoodlaw.com

UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 10-14519-RGM |
| AIROCARE, INC. | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |
| | ) | |
| AIROCARE, INC. | ) | |
| Plaintiff | ) | Adversary Proceeding |
| | ) | No. 10-01481-RGM |
| v. | ) | |
| | ) | |
| WILLIAM CHAMBERS, et. al. | ) | |
| Defendants. | ) | |
| | ) | |

**ANSWER AND AFFIRMATIVE DEFESES OF JACK W. PROUTY
TO COMPLAINT AND COUNTERCLAIM**

Defendant, Jack W. Prouty ("Defendant" or "Prouty"), by counsel, hereby files this, his Answer and Affirmative Defenses to the Complaint (the "Complaint") filed in the above captioned adversary proceeding by Plaintiff, AirOCare, Inc., stating as follows:

**JURISDICTION AND VENUE**

1. The allegations contained in paragraph 1 of the Complaint are admitted.

**PARTIES**

2. The allegations contained in paragraph 2 of the Complaint are admitted.

3. The allegations contained in paragraph 3 of the Complaint are admitted.

1

4. The allegations contained in paragraph 4 of the Complaint are admitted.
5. The allegations contained in paragraph 5 of the Complaint are admitted.
6. The allegations contained in paragraph 6 of the Complaint are admitted.
7. The allegations contained in paragraph 7 of the Complaint are admitted.
8. The allegations contained in paragraph 8 of the Complaint are admitted.

## BACKGROUND

9. The allegations contained in paragraph 9 of the Complaint are admitted.
10. The allegations contained in paragraph 10 of the Complaint are admitted but the allegations concerning the designation of Defendant as a "Former Insiders" are denied to the extent that such term infers involvement in acts to deceive, direct control or authorize actions detrimental to AirOcare's business enterprise.
11. The allegations contained in the first sentence of paragraph 11 of the Complaint are admitted, but denied as to the allegations contained in the second and third sentences concerning the purpose of the purchase and technology.
12. The allegations contained in paragraph 12 of the Complaint are admitted that AirOcare entered into a license agreement with Hussman Corporation, but denied as to the first sentence concerning "cash flow problems" and denied regarding that portion of the paragraph that infers that it was for the "purpose of generating needed revenue".
13. The document referenced in the allegations of paragraph 13 speaks for itself. Notwithstanding, the allegations contained in paragraph 13 of the Complaint are admitted as to the first and second sentence. The remaining allegations in paragraph 13 of the Complaint are denied.
14. The allegations contained in paragraph 14 of the Complaint are denied.
15. The allegations contained in paragraph 15 of the Complaint are denied.
16. The allegations contained in paragraph 16 of the Complaint are denied.
17. Defendants are with without sufficient knowledge to neither admit nor deny the allegations contained in paragraph 17 of the Complaint and those allegations are therefore are denied.
18. The allegations contained in paragraph 18 of the Complaint are admitted only to the extent that a trust was created. All remaining allegations contained in paragraph 18 of the Complaint are denied.

19. The allegations contained in paragraph 19 of the Complaint are admitted.
20. The document referenced in the allegations of paragraph 20 speaks for itself. Notwithstanding, the allegations contained in paragraph 20 of the Complaint are denied.
21. The allegations contained in paragraph 21 of the Complaint are denied.
22. The document referenced in the allegations of paragraph 22 speaks for itself. All other allegations contained in paragraph 22 of the Complaint that are inconsistent are denied.
23. The document referenced in the allegations of paragraph 23 speaks for itself. All other allegations contained in paragraph 23 of the Complaint that are inconsistent are denied.
24. The document referenced in the allegations of paragraph 24 speaks for itself. All other allegations contained in paragraph 24 of the Complaint that are inconsistent are denied.
25. The document referenced in the allegations of paragraph 25 speaks for itself. All other allegations contained in paragraph 25 of the Complaint that are inconsistent are denied.
26. The document referenced in the allegations of paragraph 26 speaks for itself. All other allegations contained in paragraph 26 of the Complaint that are inconsistent are denied.
27. The document referenced in the allegations of paragraph 27 speaks for itself. All other allegations contained in paragraph 27 of the Complaint that are inconsistent are denied.
28. The allegations contained in paragraph 28 of the Complaint are denied.
29. The allegations contained in paragraph 29 of the Complaint are denied.
30. The allegations contained in paragraph 30 of the Complaint are denied.
31. The allegations contained in paragraph 31 of the Complaint are denied.
32. The allegations contained in paragraph 32 of the Complaint are denied.
33. The allegations contained in paragraph 33 of the Complaint are denied.
34. The allegations contained in paragraph 34 of the Complaint are denied.
35. The allegations contained in paragraph 35 of the Complaint are denied.
36. The allegations contained in paragraph 36 of the Complaint are denied.

37. The allegations contained in paragraph 37 of the Complaint are denied.
38. The allegations contained in paragraph 38 of the Complaint are denied.
39. The allegations contained in the first and second sentences of paragraph 39 of the Complaint are admitted; the remaining allegations are denied.
40. Defendant Prouty is without sufficient knowledge or information to admit or deny with respect to the actions of other named Defendants and the specific amount alleged and therefore denies the allegations contained in paragraph 40 of the Complaint.
41. The allegations contained in paragraph 41 of the Complaint are denied.
42. The allegations contained in paragraph 42 of the Complaint are denied.
43. The allegations contained in paragraph 43 of the Complaint are denied.

## COUNT ONE
## DECALRATORY JUDGMENT

44. The responses to the allegations contained in paragraphs 1- 43 of the Complaint are incorporated herein.
45. The allegations contained in paragraph 45 a-g of the Complaint are denied to the extent a responsive pleading is required.

## COUNT TWO
## TURNOVER

46. The responses to the allegations contained in paragraphs 1-45 of the Complaint are incorporated herein.
47. The allegations contained in paragraph 47 of the Complaint are denied to the extent a responsive pleading is required.

## COUNT THREE
## FRAUDULENT CONVEYANCE

48. The responses to the allegations contained in paragraphs 1-47 of the Complaint are incorporated herein.
49. The allegations contained in paragraph 49 of the Complaint are denied to the extent a responsive pleading is required.

## COUNT FOUR
## CONSTRUCTIVE TRUST

50. The responses to the allegations contained in paragraphs 1-49 of the Complaint

are incorporated herein.

51. The allegations contained in paragraph 51 of the Complaint are denied.

52. The allegations contained in paragraph 52 of the Complaint are denied to the extent a responsive pleading is required.

## COUNT FIVE
## SUBSTANTIVE CONSOLIDATION

53. The responses to the allegations contained in paragraphs 1-52 of the Complaint are incorporated herein.

54. The allegations contained in paragraph 54 of the Complaint are denied.

55. The allegations contained in paragraph 55 of the Complaint are denied to the extent a responsive pleading is required.

## COUNT SIX
## BREACH OF FIDUCIARY DUTY

56. The responses to the allegations contained in paragraphs 1-55 of the Complaint are incorporated herein.

57. The allegations contained in first sentence of paragraph 57 of the Complaint are admitted but denied as to all remaining allegations.

58. The allegations contained in paragraph 58 of the Complaint are denied to the extent a responsive pleading is required.

## COUNT SEVEN
## UNJUST ENRICHMENT

59. The responses to the allegations contained in paragraphs 1-58 of the Complaint are incorporated herein.

60. The allegations contained in paragraph 60 of the Complaint are denied.

61. The allegations contained in paragraph 61 of the Complaint are denied to the extent a responsive pleading is required.

## COUNT EIGHT
## BREACH OF CONTRACT

62. The responses to the allegations contained in paragraphs 1-61 of the Complaint are incorporated herein.

63. The allegations contained in paragraph 63 of the Complaint are denied.

64. The allegations contained in paragraph 64 of the Complaint are admitted but

denied regarding any inference that any monies received by Defendant Prouty were required or should be ordered to be repaid to AirOcare.

65. The allegations contained in paragraph 65 of the Complaint are denied to the extent a responsive pleading is required.

66. Any allegation contained in the Complaint this is not expressly admitted, and for which a response is otherwise required, is hereby denied.

## **AFFIRMATIVE DEFENSES**

1. The Complaint, Counts One through Eight, fail to state a claim for which relief may be granted.

2. Defendant Prouty reserves the right to assert any affirmative defenses that may subsequently be learned through discovery in this matter, at trial, or otherwise.

## **A JURY TRIAL IS REQUESTED ON ALL ISSUES SO TRIABLE**

## **COUNTERCLAIM**
## **COUNT ONE**
## **DECLARATORY JUDGMENT FOR**
## **BACK PAY AND OTHER BENEFITS**
### **(Against AirOcare)**

1. Defendant is owed vacation pay and other pay and benefits, which remain unpaid to date, and has additionally invested monies into AirOcare.

2. Accordingly, pursuant to *inter alia* the Fair Labor Standards Act, North Carolina, and/or Virginia law, Defenant is due and owing back vacation, vacation pay and other pay and benefits, and a return on any monies invested or otherwise paid into AirOcare.

3. Pursuant to 28 U.S.C. §§ 2201-02, Defendant hereby seeks a declaration that:

   (a) That Defendant is due and owing back vacation, vacation pay and other pay and benefits and a return on any monies invested or otherwise paid into AirOcare in am amount to be proved at trial;

   (b) that any transfers deemed to be avoidable as alleged in the complaint filed by

AirOcare against Defendant be offset by his entitlement to received back vacation, vacation pay, and benefits as alleged herein; and

(c) for other relief, equitable or otherwise, as necessary and just.

5. Defednant additionally seeks entry of judgment against AirOcare for damages for back pay, vacation pay and other pay and benefit, including a return on any monies invested or otherwise paid into AirOcare which remain unpaid to date in an amount to be proved at trial.

### A JURY TRIAL IS REQUESTED ON ALL ISSUES SO TRIABLE

Dated: January 24, 2011              Respectfully submitted,

/s/ Craig M. Palik
Craig M. Palik, Esquire (VSB #45728)
James M. Greenan (Admitted Pro Hac Vice)
McNamee Hosea, et al
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770
(301) 441-2420
cpalik@mhlawyers.com
jgreenan@mhlawyers.com

/s/ Robert H. B. Cawood
Robert H. B. Cawood, Esq. (Admitted Pro Hac Vice)
Roy L. Mason, Esq, (Admitted Pro Hac Vice)
Mason & Cawood, P.A.
69 Franklin Street
Annapolis, MD 21401
(410) 269-6620
rhbc@masoncawoodlaw.com
rlm@masoncawoodlaw.com

*Counsel for Jack W. Prouty*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2011 a true copy of the foregoing Answer Affirmative Defenses and Counterclaim was electronically served on all parties and counsel of record in this matter using the Court's CM/ECF service and sent by first-class mail postage pre-paid to the following parties:

Frank J. Bove
Office of the US Trustee
115 S. Union St., Ste. 210
Alexandria, VA 22314
frank.j.bove@usdoj.gov

Lawrence Allen Katz
Venable LLP
8010 Towers Crescent Drive
Suite 300
Vienna, VA 22182
lakatz@venable.com

Kristen E. Burgers
Venable LLP
8010 Towers Crescent Dr. Suite 300
Vienna, VA 22182-2707
keburgers@venable.com

Stephen E. Leach
Leach Travell Britt, PC
8270 Greensboro Drive
Suite 1050
McLean, VA 22102
sleach@ltblaw.com

Alan Rosenblum, Esq.
Rosenblum & Rosenblum, L.L.C.
228 South Washington Street, Suite 300
P. O. Box 320039
Alexandria, Virginia  22320
alan@rosenblumllc.com

William Chambers
10229 Cedar Pond Drive
Vienna, VA 22182

Robert D. McDonald
201 N. Union Street, Suite 100
Alexandria, Virginia 22314

Staurt N. Rutchik
723 Gatestone Street
Gaithersburg, Maryland 20878

Terrance Woodbridge
107 Parkcanyon Lane
Cary, NC 27519

Robert Mazie
as Trustee of the AirOcare Benefit Trust
17216 Blossom View Drive
Olney, MD 20832

                                            s/ Craig M. Palik
                                            Craig M. Palik