# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re:<br><br>AIROCARE, INC.,<br><br>    Debtor. | Case No.   10-14519-RGM<br>(Chapter 11) |
| AIROCARE, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>WILLIAM CHAMBERS, et al.,<br><br>    Defendant. | Adv. Proc. No. 10-1481-RGM |

## MEMORANDUM OPINION

This case is before the court on the motion of Jack Prouty, Stuart Rutchik and Terrance Woodbridge, former members of the debtor's board of directors, for Leave to Prosecute Derivative Action. They are the defendants in this adversary proceeding. They seek leave of court to file and prosecute the draft Counterclaim and Third Party Complaint which they attached to their motion against the current members of the board of directors.

The draft Counterclaim and Third Party Complaint contains seven counts. Counts 1 and 2 assert claims of breach of fiduciary duty and unjust enrichment against the four current directors and seek judgment against the four current directors in favor of the movants and all other shareholders so situated. Counts 3 through 7 assert claims of negligence, negligent misrepresentation, intentional misrepresentation, fraud and conspiracy and seeks judgment against the four current directors and the debtor in favor of the movants and all other shareholders so situated. The movants ask for

1

judgment against the four current directors and the debtor for $50 million in compensatory damages; $150 million in punitive damages; the disgorgement of profits from unjust enrichment; and the imposition of a constructive trust on all monies they received.

The question of whether parties may prosecute suits on behalf of a debtor is not clearly answered. The Fourth Circuit discussed the issue in *Scott v. Nat'l Century Fin. Enters., Inc. (In re Baltimore Emergency Services II, Corp.),* 432 F3d. 557 (4th Cir.2005). It stated:

> Under the doctrine of "derivative standing," some of our sister circuits allow a creditor or creditors' committee under certain narrow conditions to file an action in bankruptcy court in place of the debtor-in-possession or trustee. . . . The Bankruptcy Code does not expressly permit such parties to initiate adversary proceedings. . . . Derivative standing is thus an implicit exception to the "general rule" whereby the Bankruptcy Code assigns to the trustee or debtor-in-possession "the privilege of prosecuting" various actions on behalf of the estate. 7 Collier on Bankruptcy ¶ 1109.05[1] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.2005); id. at nn. 3-5 (citing cases).
>
> Our sister circuits that acknowledge the doctrine have allowed a bankruptcy court to grant derivative standing to a creditor or creditors' committee in two limited circumstances. First, several circuits have recognized such standing when the trustee or debtor-in-possession unreasonably refuses to bring suit on its own. . . . Second, two circuits have permitted creditor derivative actions when the trustee or debtor-in-possession grants consent. . . . It is this latter type of derivative standing that is at issue in this case.
>
> We have never decided whether creditor derivative suits are permitted in the bankruptcy courts of this circuit. . . . The question is a significant one, for limitations on standing are of paramount importance in bankruptcy proceedings. As we have recognized in an analogous Chapter 7 context, "[c]ourts consistently have noted a public policy interest in reducing the number of ancillary suits that can be brought in the bankruptcy context so as to advance the swift and efficient administration of the bankrupt's estate. This goal is achieved primarily by narrowly defining who has standing in a bankruptcy proceeding."

*Id.* at 560-561. (internal citations omitted).

This is not a derivative action by consent of the debtor. The debtor opposes the motion. The only basis for this motion is if the debtor-in-possession unreasonably refused to bring the suit on its own. Just as having the consent of the debtor is not sufficient to give a prospective plaintiff standing to prosecute a suit, neither is it sufficient that the debtor unreasonably refuse to bring the suit on its own.

The Court of Appeals in *Baltimore Emergency Services II* held that, if there is derivative standing in cases brought with the consent of the debtor, the standard set out in *In re Commodore Int'l, Ltd.,* 262 F.3d 96 (2nd Cir.2001) would be applicable. The requirements are:

> A creditors' committee [or secured creditor] may acquire standing to pursue the debtor's claims if (1) the committee [or creditor] has the consent of the debtor in possession or trustee, and (2) the court finds that suit by the committee [or creditor] is (a) in the best interest of the bankruptcy estate, and (b) is necessary and beneficial to the fair and efficient resolution of the bankruptcy proceedings.

*In re Commodore Int'l, Ltd.* at 100.

The same requirements should be met where it can be shown that the debtor unreasonably refused to bring the suit on its own. The debtor's unreasonableness substitutes only for its consent. The rest of the requirements must be met, that is, that the suit is (a) in the best interest of the bankruptcy estate and that it is (b) necessary and beneficial to the fair and efficient resolution of the bankruptcy proceeding. In *Baltimore Emergency Services II*, the Court of Appeals found that the plaintiffs did not satisfy these requirements, even if the debtor had consented to the suit. *Id.* at 562-63.

The first issue is whether the debtor has unreasonably refused to bring the suit. While it is not likely that the current directors would authorize a suit against themselves or the debtor, refusal to bring a suit is not enough. The refusal must be unreasonable. The thrust of the debtor's complaint

in this adversary proceeding against the former directors is that they are responsible for the debtor's plight. The former directors deny this and assert that the current directors are responsible. If the current directors, after investigating the matter and consulting with their attorneys or other appropriate professionals, concluded that the former directors are at fault for the debtor's distress, it is reasonable for them to decline to authorize a second suit that is inconsistent with the suit against the former directors. It is also reasonable for the debtor to decline to authorize a suit against itself. It is not clear how the proposed suit against the debtor assists in the efficient resolution of this bankruptcy case. A suit against the debtor costs money to defend and diverts the attention of the debtor from its primary responsibility, its effective reorganization. A judgment against the debtor creates no fund that benefits the creditors or the reorganization process. All of the debtor's assets are directed to payment of the creditors in any event. Moreover, the proper and the preferred means to resolve creditor claims against the debtor is the claims process. Creditors may file a proof of claim and the debtor may object if it disagrees with the claim. The claim process is fair and efficient in resolving creditor claims. Resort to suits against the debtor by creditors generally is not.

The proposed Counterclaim and Third Party Complaint is not a derivative suit. The proposed suit is not brought on behalf of debtor, but on behalf of the former directors. They seek judgment in their favor, not the debtor's favor. They seek to effect a set-off or to reduce the claims that the debtor has against them rather than to recover money that would be paid to all creditors in a reorganization.

The former directors assertion that they are acting on behalf of themselves and similarly situated shareholders sounds more like a class action than a derivative suit on behalf of the debtor. The requirements for a class action have not been addressed.

While the pleadings suggest these considerations, the movants have the burden of proof. They suffer from the same problem as the plaintiffs in *Baltimore Emergency Services II*: There is no proof that the requirements for derivative standing (if there is derivative standing in the Fourth Circuit) have been satisfied.

The former directors have not satisfied the requirements for derivative standing. There is no consent of the debtor, and they have not shown that the debtor unreasonably refused to authorize the proposed suit, that the proposed suit is in the best interests of the debtor or that it is necessary and beneficial to the fair and efficient resolution of the bankruptcy proceeding. The motion will be denied.

Alexandria, Virginia
April 1, 2011

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

copies to:

Lawrence A. Katz
Craig M. Palik

16755